1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE McKNIGHT,

                Plaintiff,

     v.

ALICE PAYNE,

                Defendant.

Case No.  C05-5254RJB

ORDER DIRECTING SERVICE
BY UNITED STATES
MARSHAL AND PROCEDURES

     This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff has been granted leave to proceed *in forma pauperis*.

     The Clerk is directed to effect service as provided below:

     (1)    <u>Service by United States Marshal</u>.

     It is hereby ORDERED that the United States Marshal shall send the following to each named defendant by first class mail: a copy of the first amended complaint and of this Order, a copy of the Notice of Initial Assignment and Consent to Proceed before a United States Magistrate Judge, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.  All costs of service shall be advanced by the United States.  The Clerk shall assemble the necessary documents to effect service.

     (2)    <u>Response Required</u>

     Defendants shall have **thirty (30) days** within which to return the enclosed Waiver of Service of

ORDER
Page - 1

1    Summons.  Each defendant who timely returns the signed Waiver shall have **sixty (60) days** after the date

2    designated on the Notice of Lawsuit to file and serve an answer or a motion directed to the complaint, as

3    permitted by Rule 12 of the Federal Rules of Civil Procedure.

4         Any defendant who fails to timely return the signed Waiver will be personally served with a

5    summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule

6    4(d)(2).  A defendant who has been personally served shall file an answer or motion permitted under Rule

7    12 within **thirty (30) days** after service.

8         (3)    Filing and Service by Parties, Generally.

9         All original documents and papers submitted for consideration by the court in this case, and a

10   duplicate of all such papers, are to be filed with the Clerk of this court.  The originals and copies of all such

11   papers shall indicate in the upper right-hand corner the name of the Magistrate Judge to whom the copies

12   are to be delivered.  The papers shall be accompanied by proof that such documents have been served upon

13   counsel for the opposing party (or upon any party acting *pro se*).  The proof shall show the day and

14   manner of service and may be written acknowledgment of service, by certificate of a member of the bar of

15   this court, or by affidavit of the person who served the papers.

16        (4)    Motions.

17        Any request for court action shall be set forth in a motion, properly filed and served.  A party must

18   file and serve with the motion a supporting memorandum.  The motion shall include in its caption

19   (immediately below the title of the motion) a designation of the Friday upon which the motion is to be

20   noted upon the court's calendar.  That date shall be the third Friday following filing of the motion (fourth

21   Friday for Motions for Summary Judgment).  All briefs and affidavits in opposition to any motion shall be

22   filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for

23   consideration of the motion.  If a party fails to file and serve timely opposition to a motion, the court may

24   deem any opposition to be without merit.  The party making the motion may file, not later than 4:30 p.m.

25   on the Thursday immediately preceding the Friday designated for consideration of the motion, a response

26   to the opposing party's briefs and affidavits.

27        (5)    Motions for Summary Judgment

28        If one of the parties files a motion for summary judgment pursuant to Federal Rules of Civil

1  Procedure 56, the opposing party should acquaint him/herself with Rule 56.  Rule 56 requires a nonmoving
2  party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving
3  party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law.  A
4  nonmoving party may not rest upon the mere allegations or denials of prior pleadings.  Rather, successful
5  opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits
6  or other evidence, specific facts showing a genuine issue for trial.  Failure by the nonmoving party to
7  oppose a summary judgment motion or to present counter evidence could result in the Court accepting the
8  moving party's evidence as the truth, and entering final judgment in favor of the moving party without a
9  full trial.  Rand v. Rowland, 113 F.3d 1520 (9th Cir. 1997).

10      (6)    <u>Direct Communications with District Judge or Magistrate Judge</u>

11  No direct communication is to take place with the District Judge or Magistrate Judge with regard
12  to this case.  All relevant information and papers are to be directed to the Clerk.

13      (7)    <u>Clerk's Action</u>

14  The Clerk is directed to send a copy of this Order and of the General Order issued by the
15  Magistrate Judges to plaintiff and to defendants' counsel.

16  DATED this 27th day of June, 2005.

                                      Karen L. Strombom
                                      United States Magistrate Judge