UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE MCKNIGHT,

        Plaintiff,

    v.

ALICE PAYNE,

        Defendant.

Case No.  C05-5254RJB

REPORT AND RECOMMENDATION

Noted for November 18, 2005

    This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*.  This matter comes before the court on defendants' motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). (Dkt. #13).  Having reviewed defendants' motion, plaintiff's response thereto, defendants' reply to plaintiff's response and the remaining record, the undersigned submits the following recommendation for the Honorable Robert J. Bryan's review.

## DISCUSSION

    Plaintiff is currently an inmate at the McNeil Island Corrections Center.  Plaintiff alleges that his request to participate in the Department of Corrections' ("DOC") extended family visit ("EFV") program was denied in violation of his constitutional right to do so.  Specifically, plaintiff alleges that such denial violated his rights to substantive due process and equal protection under the law and his right to not be

REPORT AND RECOMMENDATION
Page - 1

subject to *ex post facto* laws.

I. <u>Standard of Review</u>

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Lee</u>, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. <u>Jones v. Community Development Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984); <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992). Thus, even though the court is to construe the complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." <u>Pena</u>, 976 F.2d at 471. Here, plaintiff has not alleged any claim or cause of action upon which the relief he is requesting can be granted.

II. <u>Requirements for Stating a Section 1983 Claim</u>

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), overruled on other grounds, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985).

III. <u>Plaintiff Has No Constitutional Right to Extended Family Visits</u>

Prisoners do not have a constitutional right to have contact visits with their families under either federal or Washington state law. <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1113 (9th Cir. 1986); <u>In re Dyer</u>, 143 Wn.2d 384, 393-94 (2001). As noted by the United States Supreme Court, "[t]hat there is a valid,

rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion." Block v. Rutherford, 468 U.S. 576, 586-87 (1984) (rejecting characterization that total disallowance of contact visits is excessive in relation to security and other interests at stake in jail setting).

Plaintiff alleges in his complaint that defendant deprived him of his federal constitutional rights to substantive due process and equal protection under the law by denying his request to participate in the DOC's EFV program.  As discussed above, however, plaintiff has no constitutional right to participate in such a program.  As such, plaintiff has not met the second requirement for stating a claim under 42 U.S.C. § 1983.  Accordingly, he has failed to state such a claim.  Nevertheless, the court will address the specific substantive due process, equal protection, and *ex post facto* claims raised by plaintiff as well.

IV.   Plaintiff's Substantive Due Process Rights Were Not Violated

The Due Process Clause of the Fourteenth Amendment provides that no state shall deprive "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.  Substantive due process protects individuals from arbitrary and unreasonable government action which deprives any person of life, liberty, or property.  Kawaoka v. City of Arroyo Grande, 17 F.3d 1227, 1234 (9th Cir. 1994).  To establish a substantive due process violation, the government's action must have been "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Sinaloa Lake Owners, 882 F.2d 1398, 1407 (9th Cir. 1989) (quoting Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395 (1926)); Bateson v. Geisse, 857 F.2d 1300, 1303 (9th Cir.1988).

As stated by the Supreme Court, "[t]hat there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion." Block, 468 U.S. at 586.  As such, plaintiff cannot show that the denial of his request to participate in the DOC's EFV program had no substantial relation to the public health, safety, morals, or general welfare of the institution where he is incarcerated, and therefore he has failed to establish a substantive due process violation here.

V.   Plaintiff's Equal Protection Rights Were Not Violated

The Equal Protection Clause requires that all persons similarly situated be treated similarly by the government.  Inmates are protected under the Equal Protection Clause against invidious discrimination. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Lee v. Washington, 390 U.S. 333, 334 (1968).  To set

REPORT AND RECOMMENDATION
Page - 3

forth a *prima facie* violation of the Equal Protection Clause a plaintiff first must prove a discriminatory intent or purpose. Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265 (1977); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 763 (9th Cir. 1991). Conclusory allegations by themselves do not establish an equal protection violation without further proof of invidious discriminatory intent. See Village of Arlington Heights, 429 U.S. at 265.

Plaintiff must "show that he was treated differently from other inmates because he belonged to a protected class." Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995); see also Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir. 1998) (to state claim under section 1983, plaintiff must show intent or purpose to discriminate against him based upon membership in protected class). The fact that plaintiff is a prisoner, however, does not itself qualify him as a member of a protected class for Equal Protection Clause purposes. See Wolff, 418 U.S. at 556 (prisoners protected from invidious discrimination based on race); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997) (inmates protected from intentional discrimination based on religion).

Prisoners also "do not constitute a suspect class." Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir. 1990); Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989); Thornton v. Hunt, 852 F.2d 526, 527 (11th Cir. 1988). That is, "[t]he status of incarceration is neither an immutable characteristic, nor an invidious basis of classification." Moss, 886 F.2d at 690 (internal citations omitted). Further, when a suspect class is not implicated, the court must determine whether the alleged discrimination is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." Vermouth v. Corrothers, 827 F.2d 599, 602 (9th Cir. 1987) (citation omitted).

Here, plaintiff has not alleged defendant discriminated against him based on his race or religion. Village of Arlington Heights, 429 U.S. at 265; Vermouth, 827 F.2d at 602. As discussed above, he also has not shown that the denial of his request to participate in the DOC's EFV program bore no rational relationship to a legitimate governmental interest. Id. Accordingly, plaintiff has failed to establish that his right to equal protection under the law was violated.

VI.     Plaintiff's Complaint Does Not Allege a Sufficient *Ex Post Facto* Claim

Article I, Section 10, Clause 1 of the Constitution prohibits a state from passing:

[A]ny statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after

REPORT AND RECOMMENDATION
Page - 4

its commission, or which deprives one charged with [a] crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*.

Collins v. Youngblood, 497 U.S. 37, 42 (1990) (quoting Beazell v. Ohio, 269 U.S. 167, 169-70 (1925). *Ex post facto* laws are prohibited because a person must have fair warning of the specific punishment that exists for a specific crime. Miller v. Florida, 482 U.S. 423, 431 (1987); Weaver v. Graham, 450 U.S. 24, 28 (1981). However, "legislation may lawfully impose new requirements on convicted persons if the statute's 'overall design and effect' indicates a 'non-punitive intent.'" Rise v. State of Oregon, 59 F.3d 1556, 1562 (9th Cir. 1995)(*citing* United States v. Huss, 7 F.3d 1444, 1447 (9th Cir. 1993)).

For a criminal or penal law to be *ex post facto*, "it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver, 450 U.S. at 29. A legislative amendment that operates to the "disadvantage" of an inmate, however, does not necessarily violate the *ex post facto* prohibition. California Dept. of Corrections v. Morales, 514 U.S. 499, 506 n.3 (1995). The *ex post facto* inquiry focuses "not on whether a legislative change produces some ambiguous sort of 'disadvantage,' . . . but on wether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Id.; see also Neal v. Shimoda, 131 F.3d 818, 825 (9th Cir. 1997) (*Ex Post Facto* Clause aims at laws that retroactively alter definitions of crimes or increase punishment for criminal acts) (citing Morales, 514 U.S. 504-06).

Plaintiff is not challenging the legal validity of any statutory provision. In addition, because the application of DOC policy plaintiff is challenging merely deprived him of a privilege, and did not enhance the measure of punishment or alter the formula used to increase his sentence, it is not necessary for the court to determine whether that law is retrospective, the other element essential to an *ex post facto* claim. Weaver, 450 U.S. at 29. Accordingly, plaintiff's *ex post facto* claim fails as well.

## CONCLUSION

For the aforementioned reasons, the undersigned recommends that the court GRANT defendants' motion to dismiss plaintiff's complaint. Plaintiff has not alleged any cause or claim upon which relief can be granted in this matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for

REPORT AND RECOMMENDATION
Page - 5

1 purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
2 72(b), the clerk is directed set this matter for consideration on **November 18, 2005**, as noted in the
3 caption.
4        DATED this 27th day of October, 2005.

                                    /s/ Karen L. Strombom
                                    Karen L. Strombom
                                    United States Magistrate Judge