# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

CLYDE MCKNIGHT,

        Plaintiff,

    v.

ALICE PAYNE,

        Defendant.

Case No. C05-5254RJB

ORDER ON REPORT AND RECOMMENDATION

This matter comes before the Court on consideration of the Report and Recommendation of the Magistrate Judge. Dkt. 16. The court has considered the relevant documents, including plaintiff's objections, and the remainder of the file herein.

## PROCEDURAL HISTORY

On April 1, 2005, plaintiff, currently an inmate at McNeil Island Correction Center, filed this action in the United States District Court for the Eastern District of Washington. Plaintiff filed two complaints. The first complaint named Eldon Vales, E. Alves, John Lambert, Tom Schneidmiller, Marjorie Owens, and Robert Moore, and perhaps other employees of the Washington Department of Corrections as defendants. Dkt. 3. In that complaint, plaintiff alleged that defendants violated his rights to equal protection and due process when he was denied the right to participate in the Extended Family Visitation (EFV) program. Plaintiff alleged that he is African-American; that his request to participate in the EFV program was denied on November 19, 2001, on the basis that he was married after his incarceration; and that other inmates who were not African-American were granted the opportunity to participate in EFV, even though they were married after their convictions. Dkt. 3. Plaintiff alleged that, in 1999, another inmate who is not African-American, who allegedly was in the same circumstances as plaintiff, had applied for and received EFVs. On

ORDER
Page - 1

April 1, 2005, U.S. District Judge Edward F. Shea issued an order dismissing all claims involving conduct that occurred prior to December 6, 2001 as barred by the statute of limitations; and permitting plaintiff to file an amended complaint or move to voluntarily dismiss the complaint. Dkt. 4. The record does not show the final resolution of that complaint, which remained in the Eastern District court.

On April 1, 2005, along with the original complaint, plaintiff filed another complaint that was captioned "First Amended Civil Rights Complaint by a Prisoner under 42 U.S.C. § 1983." Dkt. 5. This complaint named Alice Payne, Superintendent at McNeil Island Correction Center, as the defendant. Dkt. 5. The complaint alleges that, on October 4, 2004, plaintiff was discriminated against when he was denied the privilege to participate in EFV; that denial of his application for EFV violated the *ex post facto* clause of the Constitution; and that denial of his application for EFV denied him his constitutionally protected rights. *Id.* On April 1, 2005, Judge Shea transferred this first amended complaint to the United States District Court for the Western District of Washington. Dkt. 6. That complaint is the subject of this action pending before the court.

On September 8, 2005, defendant filed a motion to dismiss, arguing that plaintiff does not have a protected liberty interest in receiving extended family visitation, and that plaintiff has not alleged facts sufficient to support an equal protection claim. Dkt. 13.

On October 26, 2005, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, recommending that the court grant defendant's motion to dismiss because (1) plaintiff has no constitutional right to EFV; (2) plaintiff's substantive due process rights were not violated; (3) plaintiff's equal protection rights were not violated; and (4) plaintiff's complaint does not allege a sufficient *ex post facto* claim. Dkt. 16.

On November 14, 2005, plaintiff filed objections to the Report and Recommendation, contending that he was discriminated against because (1) inmates who were married after their incarceration, who submitted their applications by January 10, 1995, were permitted to participate in EFV while those who submitted applications after that date, when DOC policy 950.100 went into effect, were prohibited from EFV; (2) defendant discriminated against him based on race; and (3) other inmates who were married after they were incarcerated, who submitted applications after January 10, 1995, were permitted to have EFV while his application was denied. Dkt. 17, at 3-5, and 6.

In her response to the objections, defendant contends that plaintiff's complaint should be dismissed because he has failed to allege that he is a member of a protected class, and that defendant intended to discriminate against him. Dkt. 18.

## DISCUSSION

The court has carefully reviewed the record, and concurs with the conclusions of the magistrate judge that plaintiff does not have a constitutional right to EFV; that plaintiff's substantive due process rights were not violated by denial of his application for EFV; and that plaintiff had not stated an *ex post facto* claim. Regarding plaintiff's claim that he was denied equal protection because inmates who were married after their incarceration, who submitted their applications by January 10, 1995, were permitted to have EFV while those who submitted applications after that date, when DOC policy 950.100 went into effect, were prohibited from EFV, is likewise deficient, for the reasons stated in the Report and Recommendation. The court should grant defendant's motion to dismiss these claims.

In his objections, plaintiff has apparently attempted to clarify or state two claims: (1) he was denied equal protection of the law because some inmates who were married after their incarceration and who submitted applications for EFV after January 10, 1995 were permitted to have EFV, while he was not; and (2) he was discriminated against on the basis of race.

In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

The court notes that, in the first complaint filed in the Eastern District of Washington, plaintiff stated that he is a 34 year old African-American. Dkt. 3. Further, the complaint at issue before this court is not an amended complaint; it is an original complaint filed against the superintendent of the facility at which plaintiff is incarcerated. Plaintiff has not at this point alleged facts that would support claims that he

ORDER
Page - 3

was denied equal protection of the law because some inmates who were married after their incarceration and who submitted applications for EFV after January 10, 1995 were permitted to have EFV, while he was not; and that he was discriminated against on the basis of race. However, he should be afforded the opportunity to file an amended complaint on these two issues that he raised in his objections to the Report and Recommendation.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 16), is **ADOPTED** in the following respect: Defendants' motion to Dismiss (Dkt. 13) is **GRANTED** to the extent that plaintiff's claims that he has a constitutional right to EFV; that his substantive due process rights were violated by denial of his application for EFV; that his right to not be subject to *ex post facto* laws; and that he was denied equal protection of the law because inmates who were married after their incarceration, who submitted their applications by January 10, 1995, were permitted to have EFV while those who submitted applications after that date, when DOC policy 950.100 went into effect, were prohibited from EFV are **DISMISSED WITH PREJUDICE**.

Not later than January 2, 2006, plaintiff may file an amended complaint, addressing the following claims: (1) that he was denied equal protection of the law because some inmates who were married after their incarceration and who submitted applications for EFV after January 10, 1995 were permitted to have EFV, while he was not; and (2) that he was discriminated against on the basis of race. If plaintiff chooses to file an amended complaint, he must set forth the specific factual bases upon which he claims the defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). If plaintiff does not timely file an amended complaint, or if the amended complaint is not sufficient to state a claim, the court will dismiss this case.

This matter is **RE-REFERRED** to the magistrate judge to conduct further proceedings.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of December, 2005.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge