UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE MCNIGHT,

        Plaintiff,

v.

ALICE PAYNE,

        Defendant.

Case No. C05-5254RJB

ORDER TO SHOW CAUSE

        This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the court upon plaintiff's failure to timely respond to the court's order adopting the undersigned's report and recommendation to dismiss his original complaint and directing him to file an amended complaint. (Dkt. #18 and #19).

        On December 2, 2005, the court adopted the undersigned's report and recommendation, granting defendant's motion to dismiss to the extent plaintiff claimed that: (1) he had a constitutional right to the Washington State Department of Corrections Extended Family Visitation ("EFV") program; (2) his substantive due process rights were violated by denial of his application for EFV; (3) his right to not be subject to *ex post facto* laws was violated; and (4) he was denied equal protection of the law because inmates who were married after their incarceration, who submitted their applications by January 10, 1995, were permitted to have EFV while those who submitted applications after that date were prohibited from EFV. The court dismissed those claims with prejudice.

ORDER
Page - 1

The court further stated, however, that plaintiff may submit an amended complaint by no later than January 2, 2006, addressing the following two claims he raised in his objections to the undersigned's report and recommendation: (a) that he was denied equal protection of the law because some inmates who were married after their incarceration and who submitted applications for EFV after January 10, 1995, were permitted to have EFV, while he was not; and (b) that he was discriminated against on the basis of race. To date, however, plaintiff has not filed an amended complaint raising these claims.

The court is aware of a letter from plaintiff received by the clerk on December 28, 2005, in which plaintiff requests advice on how to appeal the court's order dismissing the claims in his original complaint while maintaining his ability to file an amended complaint. (Dkt. #21). It is not appropriate, however, for either the clerk or the court to provide legal advice to plaintiff, or to any other party for that matter, as to how to proceed with his case. The most the court is able to do with respect to the issue of appeal is refer plaintiff to the federal rules of appellate procedure for guidance.

With respect to plaintiff's failure to file an amended complaint, the court shall grant him additional time with which to file such a complaint addressing the two remaining issues noted above. Plaintiff shall file an amended complaint by **no later than February 13, 2005**, or the court will recommend dismissal of this matter with prejudice based on the prior dismissal of the claims in his original complaint.

The amended complaint must carry the same case number as this one. Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the court will not consider his original complaint.

The clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 13th day of January, 2006.

Karen L. Strombom
United States Magistrate Judge