UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE MCKNIGHT,

        Plaintiff,

v.

ALICE PAYNE,

        Defendant.

Case No.  C05-5254RJB

ORDER REGARDING PLAINTIFF'S MOTION TO AMEND SECOND AMENDED COMPLAINT AND DENYING SERVICE BY UNITED STATES MARSHALS

    This matter comes before the court on plaintiff's filing of a motion to file a second amended civil rights complaint under 42 U.S.C. § 1983. (Dkt. #22).  Plaintiff has been granted *in forma pauperis* status in this case. (Dkt. #2).  After reviewing the record, the court hereby finds and ORDERS as follows:

    On December 2, 2005, the court adopted the undersigned's report and recommendation granting defendant's motion to dismiss plaintiff's amended complaint (Dkt. #5) to the extent plaintiff claimed: (1) he had a constitutional right to the Department of Corrections' Extended Family Visitation ("EFV") program; (2) his substantive due process rights were violated by denial of his application for EFV; (3) his right to not be subject to *ex post facto* laws was violated; and (4) he was denied equal protection of the law because inmates who were married after their incarceration, who submitted their applications by January 10, 1995, were permitted to have EFV while those who submitted applications after that date were prohibited from EFV. (Dkt. #16 and #19).  Accordingly, the court dismissed each of those claims with prejudice.

    The court further stated, however, that plaintiff could amend his first amended complaint by filing a

ORDER
Page - 1

1  second amended complaint no later than January 2, 2006, addressing the following two claims he raised in
2  his objections to the undersigned's report and recommendation: (a) that he was denied equal protection of
3  the law because some inmates who were married after their incarceration and who submitted applications
4  for EFV after January 10, 1995, were permitted to have EFV, while he was not; and (b) that he was
5  discriminated against on the basis of race.  Because plaintiff had not yet filed a second amended complaint,
6  on January 13, 2006, the undersigned issued an order to show cause directing plaintiff to file such a
7  complaint, addressing the two remaining issues noted above by no later than February 13, 2005, or a
8  recommendation would be made to dismiss this matter with prejudice based on the prior dismissal of the
9  claims in his amended complaint. (Dkt. #25).

10  It appears though that just prior to the undersigned's issuance of the order to show cause, plaintiff filed
11  a proposed Second Amended Complaint (Dkt. #22) and a Motion to Amend the Second Amended Complaint
12  (Dkt. #23).  In his motion, plaintiff requests that this court order defendant to allow him to participate in the
13  EFV program based on an application he submitted prior to January 10, 1995, pursuant to a "grandfathering"
14  provision contained in the DOC's administrative policies.

15  Defendant argues that plaintiff's motion to amend the second amended complaint should be denied on
16  the grounds that such amendment would be futile.  The defendant points out that Exhibit B to Dkt. #22, the
17  document relied upon by the defendant in support of his motion to amend, is not a request to participate in the
18  EFV program, but rather is a request to marry which was filed while he was still in custody.  The undersigned
19  agrees that Exhibit B does not substantiate the plaintiff's claim that he applied in a timely fashion for EFVs.  In
20  addition, it does not affect the court's ruling that the plaintiff is not constitutionally entitled to EFVs.  The
21  motion to amend the second amended complaint is therefore DENIED.

22  As noted above, plaintiff also has filed a Second Amended Complaint (Dkt. #22).  The undersigned
23  finds plaintiff's Second Amended Complaint presents the two claims the court stated in its December 2, 2006
24  order he could include therein. (Dkt. #19).  As such, plaintiff's Second Amended Complaint hereby is accepted
25  for filing as being in compliance with that order.

26  Plaintiff, however, has not provided the court with the appropriate number of forms for service or
27  copies of the Second Amended Complaint for service and therefore the court will not order service of the
28  complaint at this time.  The clerk thus is directed to send **two (2)** service forms to plaintiff for him to fill out

ORDER
Page - 2

and return to the court so that the court can attempt service by mail.  Plaintiff also must provide **two (2)** copies of the complaint.  Both the forms and the copies of the complaint must be returned on or before **February 24, 2006**, or the court will recommend dismissal with prejudice based on the previous dismissal of the claims contained in his prior amended complaint.

The Clerk also is directed to send a copy of this Order to plaintiff and to counsel for defendant.

DATED this 24th day of January, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge