UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE MCKNIGHT,

          Plaintiff,

v.

ALICE PAYNE,

          Defendant.

Case No.  C05-5254RJB-KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCLOSURE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's motion to compel disclosure. (Dkt. #35).   After reviewing plaintiff's motion, defendant's response thereto and the balance of the record, the Court finds and orders as follows:

    A party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37(a).  Fed. R. Civ. P. 37(a)(2)(B) reads in relevant part:

> If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspections as requested, the discovering party may move for an order compelling an answer, or a designation, or an

ORDER
Page - 1

1    order compelling inspection in accordance with the request.

2 The motion also "must include a certification that the movant has in good faith conferred or attempted to
3 confer with the person or party failing to make the discovery in an effort to secure the information or
4 material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to
5 confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a
6 telephonic conference." Local Rule (CR) 37(a)(2)(A).

7    In his motion, which was filed with the Court on August 3, 2006, plaintiff requests that the Court
8 compel defendant to "answer fully and completely" certain of his first set of interrogatories and requests to
9 produce documents. Plaintiff's Motion to Compel Disclosure, pp. 1-2. First, there is some question as to
10 whether plaintiff has made the "good faith" effort required by Fed. R. Civ. P. 37(a)(2) and Local Rule
11 37(a)(2). Plaintiff states in his motion that he engaged in a telephonic conversation with defendant's
12 counsel on July 26, 2006, alleging "[i]t was unresolved as to whether Defendant would be providing the
13 requested materials fully and completely." Plaintiff's Motion to Compel Discovery, p. 4.

14    Defendant's counsel, however, has submitted an affidavit in which she states that while plaintiff did
15 contact her on July 25, 2006, to discuss certain discovery matters, particularly his upcoming deposition of
16 her, neither plaintiff's motion to compel nor the issues of inadequate or untimely discovery responses he
17 raises in that motion, were ever mentioned. See Defendant's Response to Plaintiff's Motion to Compel
18 Discovery, Exhibit 1, Declaration of Allison Stanhope.

19    Needless to say, the parties differ over exactly what occurred during that telephone conversation.
20 However, because it is his motion, plaintiff has the burden of showing that defendant has truly been non-
21 compliant with his discovery requests. Thus, while plaintiff states he "has made every reasonable effort to
22 resolve the discovery dispute," he does not discuss with any detail whatsoever the kind of efforts he made
23 or how he attempted to resolve the dispute. As such, the Court finds plaintiff has failed to show he made
24 the "good faith" effort required by Fed. R. Civ. P. 37(a)(2) and Local Rule 37(a)(2).

25    Further, plaintiff claims that defendant's answers to his initial interrogatories are "evasive" and
26 "incomplete," and that she "refused to produce admissible and relevant documents." Plaintiff's Motion to
27 Compel Discovery, pp. 3-4. However, he fails to set forth with any specificity the nature of those answers
28 and refusals to produce, or why he considers them to be inappropriate discovery responses. As such, there
is no basis upon which the Court, even if plaintiff were found to have made a good faith effort to resolve

ORDER
Page - 2

1 these discovery issues with defendant, can even determine whether his complaints are valid. Accordingly,
2 plaintiff's motion to compel discovery (Dkt. #35) hereby is DENIED.
3    The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendant.
4    DATED this 5th day of October, 2006.

*Karen L. Strombom* (signature)

Karen L. Strombom
United States Magistrate Judge