UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE MCKNIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALCIE PAYNE,<br><br>　　　　Defendant. | Case No.  C05-5254RJB-KLS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME, AMENDING THE PRETRIAL SCHEDULE ORDER AND DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

　　　　This matter comes before the Court on plaintiff's filing of a motion to extend time for discovery completion and to compel discovery (Dkt. #47).  Plaintiff already had requested an extension of 120 days from the original October 5, 2006 discovery cut-off date ordered by this Court to March 5, 2007, due to a recent transfer between institutions and lack of access to any legal resources. (Dkt. #42).  On November 17, 2006, the Court granted plaintiff's request, and extended the other pre-trial deadlines accordingly as well. (Dkt. #46).

　　　　Plaintiff now requests an additional thirty-days to complete discovery.  Defendants do not object to the further requested extension, but suggest an extension of more than thirty days be granted. (Dkt. #48).

PRETRIAL SCHEDULE
Page - 1

1  The Court, therefore, hereby grants an additional sixty-day extension to complete discovery in this matter,
2  and amends the prior pretrial deadlines as set forth below.

3  The Court, however, finds plaintiff's motion to compel discovery to be without merit. A party may
4  apply to the Court for an order compelling discovery "upon reasonable notice to other parties and all
5  persons affected thereby." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37(a). The motion also
6  "must include a certification that the movant has in good faith conferred or attempted to confer with the
7  person or party failing to make the discovery in an effort to secure the information or material without
8  court intervention." Fed. R. Civ. P. 37(a)(2)(B). Further, "[a] good faith effort to confer with a party or
9  person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference."
10 Local Rule (CR) 37(a)(2)(A).

11 Plaintiff's motion does not include the required certification that he conferred or attempted to
12 confer in good faith with defendants prior to seeking intervention by this Court. Although plaintiff claims
13 he has been unable to secure a date for defendants to appear for depositions, he provides no evidence such
14 failure was the fault of defendants. Indeed, the exhibits plaintiff has attached to his motion indicates that
15 defendants have attempted to work with plaintiff in the taking of those depositions, at least with respect to
16 the issue of electronic recording thereof. Plaintiff also fails to state what specific discovery he is seeking to
17 have compelled, although presumably it is the taking of defendants' depositions. For all of the above
18 reasons, plaintiff's motion to compel hereby is DENIED.

19 Pursuant to the above discussion, the pretrial schedule deadlines in this matter hereby are amended
20 as follows:

21                                              Discovery

22 All discovery shall be completed by **May 15, 2007**. Service of responses to interrogatories and to
23 requests to produce, and the taking of depositions shall be completed by this date. Federal Rule of Civil
24 Procedure ("Fed. R. Civ. P.") 33(b)(3) requires answers or objections to be served within **thirty (30) days**
25 after service of the interrogatories. The serving party, therefore, must serve his/her interrogatories at least
26 **thirty (30) days** before the deadline in order to allow the other party time to answer.

27                                              Motions

28 Any dispositive motion shall be filed and served on or before **June 15, 2007**. A party must file with

PRETRIAL SCHEDULE
Page - 2

the motion a supporting memorandum. The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the Court's calendar. That date shall be the fourth Friday following filing of the dispositive motion.

All briefs and affidavits in opposition to any motion shall be filed and served pursuant to the requirements of Fed. R. Civ. P. 7 and Local Rule CR 7. If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit. The party making the motion may file a reply to the opposing party's briefs and affidavits, which also shall be filed and served pursuant to the requirements of Fed. R. Civ. P. 7 and Local Rule CR 7.

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

<u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added). Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

Joint Status Report

Counsel and *pro se* parties are directed to confer and provide the court with a joint status report by no later than **July 31, 2007**. The joint status report shall contain the following information by corresponding paragraph numbers:

1. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2. A narrative written statement from each party setting forth the facts that will be offered by oral

or written documentary evidence at trial;

    3. A list of all exhibits to be offered into evidence at trial;

    4. A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

    6. Whether the parties agree to arbitration under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

    7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

    8. Any other suggestions for shortening or simplifying the trial in this case;

    9. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

    10. The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

    11. Whether the trial will by jury or non-jury;

    12. The number of trial days required, and suggestions for shortening trial;

    13. The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. **Separate reports are <u>not</u> to be filed**. Plaintiff's counsel (or plaintiff, if *pro se*) will be responsible for initiating communications for the preparation of the joint status report.

<u>Proof of Service & Sanctions</u>

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se). The proof shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who served the papers, or by any other proof satisfactory to the court. Such proof of service shall accompany both the original and duplicates filed with the Clerk. Failure to comply with the provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendant(s).

DATED this 15th day of March, 2007.

Karen L. Strombom
United States Magistrate Judge