UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE MCKNIGHT,

    Plaintiff,

v.

ALICE PAYNE,

    Defendant.

Case No.  C05-5254RJB-KLS

REPORT AND RECOMMENDATION

Noted for May 4, 2007

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter is before the court because of plaintiff's motion to amend his second amended complaint or voluntarily withdraw his second amended complaint without prejudice. (Dkt. #49).  After reviewing plaintiff's motion, defendant's response thereto and the remaining record, the undersigned recommends that the court dismiss plaintiff's second complaint without prejudice for the reasons set forth below.

DISCUSSION

On December 2, 2005, the Court adopted the undersigned's report and recommendation granting defendant's motion to dismiss plaintiff's first amended complaint. (Dkt. #16 and #19).  The Court stated, however, that plaintiff could amend his first amended complaint by filing a second amended complaint no later than January 2, 2006, but only for the purpose of raising the following two issues: (a) that he was denied equal protection of the law because some inmates who were married after their incarceration and who submitted applications for EFV after January 10, 1995, were permitted to have EFV, while he was not; and (b) that he was discriminated against on the basis of race. (Dkt. #19).

ORDER
Page - 1

1  In his motion to amend his complaint a third time, plaintiff states he discovered more defendants
2  and causes of action that would not be cognizable under his second amended complaint. Neither of the
3  two new defendants plaintiff seeks to add were named in any of his prior complaints. In addition, plaintiff
4  was strictly limited to the two claims noted above by the Court in granting him the opportunity to amend
5  his first amended complaint. Defendants object to plaintiff's attempt to once more amend his complaint so
6  substantively at this late stage of the proceedings, after plaintiff already has been given two extensions of
7  time to complete discovery, which originally was due to be completed in early October 2006.

8  It is true that pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), leave to amend
9  a party's pleading "shall be freely given when justice so requires." Here, however, plaintiff has had ample
10 opportunity to prosecute this case within the limitations imposed by the Court noted above. This latest
11 request to amend his complaint once more would impermissibly broaden the scope of this litigation, and,
12 considering the late date of the request, would prejudice the interests of the new defendants sought to be
13 added at this juncture without yet again another extension of time being granted. Accordingly, plaintiff's
14 request to amend his second amended complaint should be denied.

15 As noted above, plaintiff requests in the alternative that he be allowed to voluntarily dismiss his
16 complaint without prejudice. Pursuant to Fed. R. Civ. P. 41(a):

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice
> of dismissal at any time before service by the adverse party of an answer or of a motion
> for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal
> signed by all parties who have appeared in the action.

Unless otherwise specified, such dismissal is without prejudice. Id. Here, although no signed stipulation
has been submitted by the parties, defendant has stated in her response to plaintiff's motion that she has no
objection to dismissal of this matter without prejudice. Accordingly, the Court should grant plaintiff's
request in the alternative to dismiss this action without prejudice.

### CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court deny plaintiff's
request to amend his second amended complaint and grant his request to voluntarily dismiss this matter
without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days
from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P.

ORDER
Page - 2

6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **May 4, 2007**, as noted in the caption.

DATED this 11th day of April, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3